ARCHER MAURY BUNTING ET AL., APPELLEES, V. WILLIAM
M. RICHARDSON, DEFENDANT: ANNE C. BUNTING
ET AL., APPELLANTS: GLADYS W. BUNTING
ET AL., INTERVENERS, APPELLEES.

FILED JANUARY 24, 1930. No. 27329.

*Paul F. Good* and *Otto K. Perrin,* for appellants.

*A. M. Bunting* and *A. W. Richardson, contra.*

Heard before Goss, C. J., DEAN, GOOD, THOMPSON, EBER-
LY and DAY, JJ., and PAINE, District Judge.

PER CURIAM.

Plaintiffs brought this action seeking partition of certain
real estate described as the southwest quarter of section 9,
township 10, range 6, situated in Lancaster county, Ne-
braska. Defendants Anne C. Bunting and James M. Bunt-
ing, represented by Paul F. Good, guardian *ad litem,* are
the children of plaintiff Archer Maury Bunting. Defend-
ants William M. Richardson, Mary A. Funkhauser, A. Clark
Richardson, and Mildred T. Richardson are the children of
plaintiff Waneta Bunting Richardson. Defendant Mildred
T. Richardson is represented by Otto K. Perrin, guardian
*ad litem.*

The controversy grows out of the interpretation of the
following paragraph in the will of Anna M. Bunting, de-
ceased:

"II. I give, devise and bequeath unto my husband, Wil-
liam M. Bunting, the use of all my real estate and personal
property, except such as I shall expressly dispose of, here-
inafter during his natural lifetime, if he shall survive me.

"After his death, if he shall survive me, all said estate,
excepting such as I do hereinafter dispose of shall become
the property of my daughter, Waneta Bunting Richardson,
and my son, Archer Maury Bunting, and their children, to
be theirs forever.

"Said Waneta B. Richardson and Archer M. Bunting to receive the equal one-half share of my estate with exceptions, as herein before noted."

Testatrix' husband predeceased her.

This appeal is presented upon a case stated, and the respective contentions of the parties are quoted therefrom, together with the conclusion of the trial court:

"That plaintiffs contend that they are the sole residuary legatees and devisees under said will and the sole owners in fee simple as tenants in common of said estate, including the premises described in the petition. That Paul F. Good, guardian *ad litem* for the minor defendants Anne C. Bunting and James M. Bunting, contends that plaintiffs take but a life estate, and that the children of plaintiffs take the remainder *per stirpes,* in fee, and therefore that said minor defendants represented by him take each an undivided one-fourth of said estate in fee simple, subject only to the life estate of the plaintiffs.

"That Otto K. Perrin, guardian *ad litem* for the minor defendant, Mildred T. Richardson, contends that by the terms of said will the plaintiffs and their children take said estate in fee simple as tenants in common, and that therefore said minor defendant, Mildred T. Richardson, is the present owner in fee simple of an undivided one-eighth of said estate.

"That the foregoing contentions arise by reason of section II of the will above set forth.

"That on the issues so joined, the court found, as to title, generally in favor of the plaintiffs and that they are the sole owners in fee simple, as tenants in common of said estate including the premises described in the petition; to which said guardians *ad litem* duly excepted.

"That by agreement of the parties the question as to partition shall be suspended, and that this appeal be taken on the question of title only and presented as a case stated, as provided by paragraph c of rule 9 of the supreme court of Nebraska."

We have carefully considered the record and find the same to be free from prejudicial error. The judgment of

the district court that plaintiffs are the sole owners in fee simple, as tenants in common of the estate, is right and it is therefore

AFFIRMED.